### 3078.—GUSTAVE BOUDREAU *v.* GERASINE BOUDREAU

In this case it was held that the recording of a sworn statement by the heir was not sufficient to give him a legal mortgage on real estate, which had been sold by the tutor to a third party, prior to the recording of his claim

APPEAL from the Parish Court of Lafourche. *Joseph Nicholas,* Parish Judge. *E. W. Blake,* for appellees. *Isaiah D. Moore,* for S. Meyer, a third party, appellant.

TALIAFERRO, J. The plaintiff instituted this suit against his father and natural tutor (who, being an absentee, was represented by a *curator ad hoc,)* to require an account of tutorship and to establish the amount due by him as tutor; the plaintiff alleging that his father and former tutor received large sums of money from the succession of his mother and from the successions of two brothers and a sister of

8

Gustave Boudreau v. Gerasine Boudreau.

plaintiff, who died without descendants; that the tutor has failed to present any account of his administration of these successions, or to pay over to the plaintiff any portion of the proceeds of the same. The plaintiff alleges that, at the time of the death of his mother, his father was in possession of a tract of land and plantation thereon on the Bayou Lafourche, the said land and plantation being community property, acquired during the marriage of his parents. He specifies this tract of land by its boundaries and superficial contents, and claims a legal mortgage upon it, as security for the liabilities to him by the tutor resulting from the said tutorship. It appears that on the twenty-sixth of December, A. D. 1869, in order to preserve the legal mortgage thus claimed against the specified property, the plaintiff caused to be recorded in the mortgage book, kept in the office of the recorder of the parish of Lafourche, an instrument sworn to by him, in which it is stated that his father received from the successions, aforesaid, the sum of five hundred and ninety-four dollars, to which plaintiff was entitled and which the tutor never paid over. This affidavit further sets out that the tract of land before mentioned was sold by his father and former tutor to Solomon Meyer and conveyed by notarial act on the twenty-second of November, 1866, and that the seller in that act declared that he was indebted to the plaintiff as stated; and that this declaration of indebtedness by the tutor is the only evidence, left to him, of his right of mortgage upon the property sold by his tutor to Meyer. The *curator ad hoc* presented an account of tutorship, in which the claim of the plaintiff was recognized for $679 35, principal and interest, and as entitled to legal mortgage on the land before referred to. An order homologating the account was rendered, and a judgment pronounced in favor of the plaintiff for the sum of $679 35, with legal mortgage against the land sold to Meyer, as well as all other property then and previously owned by the defendant. A *fi. fa.* issued on this judgment and was returned *nulla bona*. After this judgment was rendered, and without having been a party to it, Meyer appealed.

We are of the opinion that the judgment, so far as it accords to the plaintiff a legal mortgage on the property of the appellant, was rendered upon insufficient evidence, and to that extent it should be avoided. Without, therefore, disturbing the judgment as between the plaintiff and defendant decreeing the indebtedness of the defendant to the plaintiff, it is ordered that it be annulled and set aside so far as it decrees and recognizes a legal mortgage on the property of the appellant, arising from the tutorship aforesaid; that this decree reserves to the plaintiff all rights, if any, that he may have to establish and enforce the legal mortgage he claims against the property now or heretofore belonging to his tutor that may be subject to such mortgage.